# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-320

| | |
|---|---|
| BRANDON WILLIAMS<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br><br>APPELLEES | **Opinion Delivered** September 17, 2014<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. JV-2012-445]<br><br>HONORABLE VICKI SHAW COOK, JUDGE<br><br>AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

### RHONDA K. WOOD, Judge

Under the Arkansas Juvenile Code, the circuit court must consider whether a child could be adopted before terminating a parent's rights to that child. Here, the court terminated Brandon Williams's parental rights to his six children. There was no evidence offered regarding the oldest two children's adoptability at the termination hearing. This lack of evidence regarding adoptability, without some other specific finding, renders the court's best-interest ruling clearly erroneous as to these two children. We accordingly affirm in part and reverse and remand in part.

The Department of Human Services exercised a 72-hour hold on Brandon Williams's six children. The court adjudicated all six children dependent-neglected. The four youngest (H.W.1, N.W., A.W., and H.W.2) remained in foster care, but the two oldest (C.W. and B.W.) were placed in the custody of a maternal aunt and uncle. After efforts to reunify failed, the Department filed a petition to terminate Williams's parental

rights to all six children.[1] Yet at the hearing, the Department only recommended termination as to the youngest four; it sought permanent placement with a relative for the oldest two. An adoption specialist testified that the four youngest children were very likely to be adopted. There was no mention as to whether the two oldest were likely to be adopted. However, the circuit court terminated Williams's rights to all six children.

We review cases involving the termination of parental rights de novo. *Grant v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 636, 378 S.W.3d 227. The grounds for termination must be proved by clear and convincing evidence. *Id.* The question on appeal is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Welch v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 798, 378 S.W.3d 290. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*

The termination of parental rights is a two-step process that requires the circuit court to find that the parent is unfit and that termination is in the best interest of the child. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). The first step requires proof of one or more of the statutory grounds for termination. Ark. Code Ann. § 9-27-341(b)(3)(B). The second step requires consideration of whether the termination of parental rights is in the children's best interest, which includes consideration of the likelihood that they will be adopted and the potential harm caused by returning custody of

---

[1]The court also terminated the mother's parental rights, but she has not appealed the termination order.

them to the parent. Ark. Code Ann. § 9–27–341(b)(3)(A). The court, however, does not have to determine that every factor considered be established by clear and convincing evidence; instead, after considering all the factors, the evidence must be clear and convincing that the termination is in the best interest of the child. *McFarland v. Ark. Dep't of Human Servs.*, 91 Ark. App. 323, 210 S.W.3d 143 (2005).

Williams does not appeal the statutory grounds for termination but instead attacks the court's best-interest finding. He argues that the lack of evidence regarding adoptability is fatal to the court's termination order as to the two oldest children. The Department and the ad litem agree with Williams's assessment. Our court has said that "[a]doptability is merely a consideration and not a requirement." *Grant*, 2010 Ark. App. 636, at 13, 378 S.W.3d at 233. Even so, "[c]onsideration requires evidence . . . or at least some finding by the trial court that other aspects of the best-interest analysis so favor termination that the absence of proof on adoptability makes no legal difference." *Haynes v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 28, at 4. Therefore, under our prior cases, the circuit court's best-interest analysis will be insufficient unless there is some evidence regarding adoptability or if the court explains why termination is in the children's best interest regardless of their adoptability.

Here, there was no evidence regarding adoptability of the two oldest children. The court's order included language that the court considered adoptability and referenced the adoption specialist's testimony as the basis. However, the specialist never mentioned the older two children's adoptability and limited her opinion to the four youngest children. Further, the court made no finding that this absence of evidence of adoptability made "no

legal difference" to the ultimate decision of what was in the children's best interest. Accordingly, the court clearly erred when it found that termination of Williams's parental rights to his two oldest children was in their best interest. We reverse the termination order as to these two oldest children and remand for further proceedings. Because Williams does not challenge any other portions of the court's ruling, we affirm the termination order as to the four youngest children.

Affirmed in part; reversed and remanded in part.

GLADWIN, C.J., and BROWN, J., agree.

*Leah Lanford*, Arkansas Public Defender Commission, Dependency-Neglect Appellate Division, for appellant.

*Tabitha B. McNulty*, County Legal Operations, for appellee.

*Chrestman Group, PLLC*, by:  *Keith L. Chrestman*, attorney ad litem for minor children.